STATE of Tennessee, Appellee,

v.

Terry E. JONES, Defendant.

In re NASHVILLE BONDING CO., Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 8, 1987.

Susan H. Moseley, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., W. Edward Barnard, Asst. Dist. Atty. Gen., Nashville, for appellee.

**OPINION**

JONES, Judge.

The defendant, Terry E. Jones, was arrested on the 14th day of February, 1986,

for the sale of a Schedule III controlled substance, phendimetrozine, and the sale of a substance, which he represented to be valium, a Schedule IV controlled substance, but was not in fact a controlled substance. The defendant was released on bail in the amount of $3,000.00 on the date of his arrest. The Nashville Bonding Company served as surety on the bond. The defendant waived a preliminary hearing on the 5th day of May, 1986.

The defendant was indicted by the Davidson County Grand Jury on the 19th day of September, 1986. On the 24th day of October, 1986, the defendant failed to appear in the Criminal Court of Davidson County; and a conditional forfeiture was entered on the bond. A scire facias was issued to the Nashville Bonding Company on the 24th day of October, 1986, advising them of the conditional forfeiture. The scire facias was executed on the 27th day of October, 1986. It was later discovered that the defendant was incarcerated in the Sumner County Jail when he was scheduled to appear in Davidson County.

On the 12th day of February, 1987, the defendant was surrendered by the bonding company; and the bonding company requested release from the defendant's bond. The trial court set aside the forfeiture without cost and released the bonding company from further responsibility or liability on the defendant's bond. However, the trial court ordered the bonding company to return the entire bond premium to the defendant or the sureties.

In this Court the Nashville Bonding Company contends that the trial court erred in ordering it to refund the bond premium to the defendant or the sureties. It argues that the order of the trial judge violates the clear mandate of T.C.A. Sec. 40–11–315(a). This statutes provides:

Whenever any professional bondsman as defined in Sec. 40–11–301 furnishes bail, makes bond or furnishes surety for the appearance, before any court in this State, of any person charged with a criminal offense or a violation of any law, by means of a contract for a specified period of time, in which the bondsman acts as surety for such appearance, the premium on such contract shall be reduced or re-funded upon surrender of the person charged with such criminal offense or violation of a law in an amount in direct proportion of the percentage of the unexpired term of the contract to the total amount of the premium; unless such person is arrested on an additional criminal charge while released on bail or if the bond or surety is forfeited or revoked by the court having jurisdiction of such person. (Emphasis added)

The State admits that under the literal terms of T.C.A. Sec. 40–11–315(a), the defendant is not entitled to a refund of his bond premium by reason of his arrest and incarceration in Sumner County. However, the State argues that the trial court did not abuse its discretion in ordering the refund because the bonding company took no action to secure the presence of the defendant after having been advised of the defendant's incarceration.

Apparently this is a case of first impression. Neither the Nashville Bonding Company nor the State of Tennessee cites authority for its respective opinions. And this Court has not found any Tennessee authority on this issue.

The language of the statute is clear. When an accused in a pending criminal prosecution (a) is arrested on an additional charge while on bail or (b) the accused's bond or surety is forfeited by a court having jurisdiction of the accused's person, the accused is not entitled to a refund of his or her bond premium. T.C.A. Sec. 40–11–315(a). Consequently, the trial court did not have the authority to order a refund of the bond premium to the defendant or his sureties when the bond of the accused was forfeited by the Criminal Court of Davidson County, a court having jurisdiction of the defendant's person.

The judgment of the trial court is reversed.

DUNCAN and DAUGHERTY, JJ., concur.