IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

## MEMPHIS BONDING COMPANY v. WILLIE JAMES BASSETT

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-06571     Bernie Weinman, Judge**

_____

**No. W2002-00472-CCA-R3-CO - Filed September 9, 2004**

_____

The appellant, Memphis Bonding Company, appeals the trial court's order requiring a partial refund to the defendant, Willie James Bassett. Because the governing statute does not permit a refund under the circumstances of this case, the judgment of the trial court is reversed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Michael J. Gatlin, Memphis Tennessee, for the appellant, Memphis Bonding Company.

Willie James Bassett, pro se, appellee.

**OPINION**

In indictment number 01-06571, the defendant was charged with one count of especially aggravated robbery. Bail was set at $65,000 and Memphis Bonding Company underwrote the bail. When the defendant failed to appear at a hearing, a conditional forfeiture was ordered and a warrant was issued for his arrest. Two months later, he was arrested and confined in the Shelby County Jail. Upon learning of the defendant's incarceration, Memphis Bonding Company sought relief from the conditional forfeiture and exoneration on the bond.

At the hearing on the motion, Tracy Pittman, an employee of Memphis Bonding Company, testified that the defendant failed to appear in court as scheduled and that the address he had provided to the bonding company was inadequate. According to Pittman, he was unaware that the defendant had provided another address to the clerk of the court in an unrelated case because his company had not made the bail bond on that occasion. Pittman testified that his company made the defendant's bond in March of 2001 and that the defendant had paid $3,200, less than half of the total premium due, when he was taken into custody seven months later.

The defendant testified that he was living with his girlfriend "at Durant, Apartment 4" at the time of his arrest for especially aggravated robbery but subsequently moved in with his mother at a different address. He claimed that he informed an employee of Memphis Bonding Company of his change of residence. The defendant acknowledged that he did not inform the clerk's office of the change and explained that he had failed to appear because he did not receive any notice of the hearing from the court. According to the defendant, he did receive notice of a hearing in the unrelated case and had appeared as required. The defendant asked that his bail be reinstated and that the trial court deny Memphis Bonding Company's request for exoneration.

At the conclusion of the proceeding, the trial court granted the request for exoneration but ordered a refund of $1,600, half of the premium actually paid by the defendant. In this appeal, Memphis Bonding Company asserts that the defendant was not entitled to a refund of any portion of the premium paid because his bond was forfeited for his failure to appear.

Tennessee Code Annotated section 40-11-315 provides, in pertinent part, as follows:

> Whenever any professional bondsman . . . furnishes bail, makes bond or furnishes surety for the appearance, before any court in this state, of any person charged with a criminal offense or a violation of any law, by means of a contract for a specified period of time, in which the bondsman acts as surety for such appearance, the premium on such contract shall be reduced or refunded upon surrender of the person charged with such criminal offense or violation of a law in an amount in direct proportion of the percentage of the unexpired term of the contract to the total amount of the premium, unless such person is arrested on an additional criminal charge while released on bail or if the bond or surety is forfeited or revoked by the court having jurisdiction of such person.

Tenn. Code Ann. § 40-11-315(a) (1997). In State v. Jones, 743 S.W.2d 942 (Tenn. Crim. App. 1987), this court dealt with similar circumstances. Jones was arrested for a number of offenses and admitted to bail in the amount of $3,000. Nashville Bonding Company served as surety on the bond. When Jones failed to appear as required, the trial court entered a conditional forfeiture on the bond and a scire facias was issued notifying Nashville Bonding Company of the conditional forfeiture. The parties later discovered that Jones was incarcerated in the Sumner County jail. The trial court set aside the forfeiture and released Nashville Bonding Company from further liability on the bond. The trial court also ordered Nashville Bonding Company to refund the entire premium. On appeal, this court reversed the order requiring a refund. Observing that "[t]he language of the statute is clear," this court held that "the trial court did not have the authority to order a refund of the bond premium to the defendant or his sureties when the bond of the accused was forfeited by the Criminal Court of Davidson County, a court having jurisdiction of the defendant's person."

Here, the defendant failed to appear in court. In consequence, a conditional forfeiture was entered against the defendant and against Memphis Bonding Company as surety. After learning of the defendant's incarceration, Memphis Bonding Company sought relief from the conditional

forfeiture and exoneration of the bond.  The record demonstrates that a conditional forfeiture was declared.  The defendant's bond was revoked.  Later, the trial court set a new bond for the defendant in the amount of $50,000.  Because the defendant's bond had been revoked and conditional forfeiture ordered in this case, Tennessee Code Annotated section 40-11-315(a) does not authorize a return of any portion of the premium paid by the defendant.

Accordingly, the judgment of the trial court is reversed.  The order of refund is set aside.

_____
GARY R. WADE, PRESIDING JUDGE